IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JUAN VICTOR VALLES        :
                          :
    Petitioner            :    CIVIL NO. 3:CV-12-1173
                          :
  v.                      :
                          :    (Judge Conaboy)
                          :
WARDEN J. E. THOMAS,      :
                          :
    Respondent            :
_____

**MEMORANDUM**
**Background**

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed on behalf of Juan Victor Valles, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). The Petition is signed by USP-Lewisburg inmate Jose Cristobal Cardona. 28 U.S.C. § 2242 permits the filing of a habeas corpus petition by someone acting on behalf of the Petitioner.[1]

Petitioner has also filed a request for leave to proceed in

---

[1] While Inmate Cardona may sign the § 2241 petition on behalf of Valles, there is still the issue of is Cardona, as a pro se litigant, can adequately represent Valles' interests. A party may represent his or her own interests in federal court. See Winkelman v. Parma City School District, 127 S.Ct. 1994, 1999 (2007). However, it is well recognized that non-attorneys cannot litigate the rights of others. Collinsgru v. Palmyra Board Of Education, 161 F.3d 225, 232 (3d Cir. 1998). Pursuant to the above discussion, Cardona is precluded from pro se representation of Valles' interests in federal court.

1

forma pauperis as well as a motion seeking appointment of counsel. See Docs. 3 & 4.  Named as Respondent is USP-Lewisburg Warden J. E. Thomas.  For the reasons outlined below, Petitioner will be granted leave to proceed in forma pauperis for the sole purpose of the filing of this matter, however, his petition will be dismissed as a second or successive petition.[2]

Petitioner's pending action does not challenge the legality of his federal criminal conviction or the resulting sentence. Rather, the Petition initally contends that Valles is being "illegally restrained in his liberty."  Doc. 1, ¶ I.  He claims entitlement to federal habeas corpus relief regarding his "placement in the USP-Lewisburg  "Special Management Unit (SMU)."  Id. at ¶ II.  The petition further contends that due to his refusal to participate in the reconditioning aspect of his SMU program, Valles faces a "potential stripping of his good time credits."  Id. at ¶ III.

## Discussion

On May 24, 2012, Inmate Cardona filed a similar, at most times identical § 2241 action on behalf of Valles with this Court.  See Valles v. Thompson Civil No. 3:12-CV-978.[3]  Both actions vaguely assert that Petitioner potentially faces a loss of good time credits for refusing to participate in recommended SMU programming. By Memorandum and Order dated June 19, 2012, Petitioner's initially

---

[2] Petitioner's request for appointment of counsel will be dismissed without prejudice on the basis of mootnes.

[3] Valles' initial petition listed the USP-Lewisburg Warden as being named Jeffrey Thompson.

2

filed action was dismissed without prejudice and Valles was advised that he could reassert his claims in a properly filed civil rights action.

Section 2241 petitions are subject to judicial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (the Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.).  Rule 4 states in relevant part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

28 U.S.C. § 2244(a) and Rule 9(b)[4] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), set forth the pertinent authority for determination as to whether second or successive habeas corpus

---

[4] Rule 9(b) of the Habeas Corpus Rules provides:
   A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

petitions may be reviewed by federal district courts.[5] See Graham v. Warden, FCI-Allenwood, 2009 WL 326010 *1 (3d Cir. Oct. 13, 2009)(§ 2244(a) bars second or successive challenges to the legality of detention including § 2241 petitions which challenge the execution of a federal sentence).

The Supreme Court in McCleskey vs. Zant, 499 U.S. 467, 483 (1991) expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

McCleskey, 499 U.S. at 489.

Following the 1996 amendments, Section 2244 now provides in relevant part:

> (a)     No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United states if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> (B)(1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented ina prior application shall be dismissed.

---

[5] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.).

>       (2)   A claim presented in a second or successive habeas
>             corpus application under section 2254 that was not
>             presented in a prior application shall be dismissed
>             unless–
>
>             (A)   the applicant shows that the claim relies on a
>                   new rule of constitutional law made retroactive
>                   to cases on collateral review by the Supreme
>                   Court, that was previously unavailable, or
>
>             (B)   (i)  the factual predicate for the claim could
>                   not have been discovered previously through the
>                   existence of due diligence; and
>
>                   (ii) the facts underlying the claim, if proven
>                   and viewed in the light as a whole, would be
>                   sufficient to establish by clear and convincing
>                   evidence that, but for constitutional error, no
>                   reasonable fact finder would have found the
>                   applicant guilty of the underlying offense.
>
>       (3)   (A)   Before a second or successive application
>             permitted by this section is filed in the
>             district court.  The applicant shall move in
>             the appropriate court of appeals for an order
>             authorizing the district court to consider the
>             application.

Valles clearly filed a prior § 2241 action in this district court regarding the same SMU programming which is the subject of his pending action.  With the exception of describing the SMU program as being faith based, his pending matter does not include any arguments which were not included in his initial § 2441 action, Petitioner has not presented any substantive arguments as to why he failed to include that new assertion in his prior federal habeas petition.  It is particularly noted that there is still no claim by Valles that his refusal to participate in SMU programming has actually had an adverse affect on the duration or execution of his sentence at this point in time

5

The pending Petition fails to show that Valles' instant claims fall within the statutory exceptions outlined above.  There is also no indication that Petitioner has been granted leave to file a second or successive habeas corpus petition by the United States Court of Appeals for the Third Circuit.  Consequently, under the standards announced in McCleskey and the requirements set forth in § 2244(a), Valles' pending case is a second or successive petition which cannot be entertained by this Court. An appropriate Order will enter.[6]

                                        S/Richard P. Conaboy
                                        RICHARD P. CONABOY
                                        United States District Judge

DATED: JUNE 25, 2012

---

[6] If Petitioner can present facts showing that he is being required to participate in an SMU program and that his refusal to do so has actually adversely affected the duration or execution of his sentence at this point in time, he may file a motion for reconsideration withing fourteen (14) days of the date of this Memorandum and Order.

6